## City of Springfield v. Sarah Tomlinson.

1. CITIES AND VILLAGES—*Under No Obligation to Construct Crossings.*—A city is under no obligation to construct a crossing over an alley connecting the walks of the street, but if it elects to leave such alley in its natural state, it is its duty to keep it free from obstructions; and if it allows persons to place loose boards there, which, by reason of their becoming warped and shifted about, renders it dangerous for persons having occasion to cross such alley, it will be liable to the same extent that it would be had it undertaken to construct a crossing and allowed it to become out of repair.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 2, 1898.

WILLIAM E. SHUTT, JR., and CONKLING & GROUT, attorneys for appellant.

CONNOLLY, MATHER & SNIGG, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $300, recovered by appellee in a suit for damages for injuries sustained by her in falling over a loose plank at an alley crossing, intersecting one of appellant's streets. The negligence charged against the city was in permitting the loose plank over which she fell, to remain at the crossing as a dangerous obstruction.

The evidence shows that appellee met her injury while attempting to cross an alley on the west side of Patton avenue, between North Grand avenue and Elliot street. From North Grand avenue south to the alley was a good plank sidewalk. From the alley to Elliot street was a cinder walk. The city had constructed no crossing over the alley, but left the ground there in its natural state. After heavy rainfalls the alleyway would become quite muddy, and parties having occasion to use the walk would sometimes throw loose plank and boards over the alley to enable

people to cross without getting in the mud. At the time appellee was injured there was a large plank or board and a small one there. In attempting to cross at a late hour of the night she tripped over the larger plank and fell, thereby sustaining very serious injuries. The plank had been put there by parties in no wise connected with the city government, two or three weeks before. There is nothing in the record showing that she was not at the time in the exercise of reasonable care for her own safety.

It is contended in behalf of the city that the plank over which appellee fell was not such an obstruction as would be considered dangerous, and that, if it should be considered of that character, there was no liability for the reason that the city had no notice of it. Entertaining that view, counsel for the city on the trial asked a peremptory instruction directing a verdict for the defendant, which the court refused.

While the city was under no legal obligation to construct a crossing over the alley connecting the plank walk with the cinder walk, if it elected to leave it in its natural state it was its duty to keep it free from obstructions. If it allowed persons to place loose plank and boards there, which, by reason of their becoming warped and shifted about, rendered it dangerous for persons having occasion to cross the alley in the night time, it would be liable to the extent that it would be had it undertaken to construct a crossing and then allowed it to get out of repair. As to the character of the obstruction, that was a question for the jury. We can readily see how loose plank thrown over an alley between two pieces of walk would be as dangerous as loose plank in a wooden sidewalk. There are numerous reported cases where recoveries for injuries caused by persons falling over loose plank in a wooden sidewalk have been sustained.

It appears from the evidence that this was a much used street and that persons in that neighborhood had frequent occasion to use the sidewalk and cross the alley in question. For months before the injury to the appellee persons had from time to time placed boards over the alley to keep out

of the mud. When the mud would dry away the boards would be knocked about in a different position, a constant menace to persons crossing in the dark. That condition had existed so long that notice to the city could be inferred. The very plank over which appellee fell had been there two or three weeks. Neither point of contention urged in support of the peremptory instruction is well taken.

We see nothing wrong with the instructions given by the trial court. No reversible error was committed in ruling upon the admissibility of testimony. Judgment affirmed.